OCEANO MAZZEI, RESPONDENT, v. NUCAR FORWARDING CORPORATION, APPELLANT.

Submitted May 29, 1928—Decided October 15, 1928.

For the appellant, *Heine, Bradner & Laird.*

For the respondent, *Theodore Strong & Son.*

The opinion of the court was delivered by

McGLENNON, J. The plaintiff, a passenger in a bus owned by one Bennett, brought suit in the Supreme Court, Middlesex Circuit, against Bennett and the Nucar Forwarding Corporation, owner of a truck and trailer, for personal injuries arising out of a collision between these motor vehicles upon the Lincoln Highway, in the city of New Brunswick, and recovered a joint judgment in the sum of $5,000, later reduced upon rule to show cause to $3,000, which plaintiff agreed to accept, and the rule was discharged. Defendant Nucar Forwarding Corporation reserved its exception taken at the trial, but Bennett did not, and this appeal is brought by the former defendant alone.

Defendant specified several grounds of appeal, but confines his brief and argument to the refusal of the court to charge certain written requests, and a special request made after the jury had retired. These alone will be considered.

The third written request was—

"The driver of an automobile is bound to grant the right of way to vehicles approaching from the right."

The fourth reads as follows:

"In determining the liability in this case, you may consider, among other things, the fact that the bus was approaching a main highway, that it contained passengers, and that the oncoming car and trailer was on its right."

These two requests raise but a single question as to whether or not the court erred in refusing these requests, under the proofs. The statute regulating the use of the highways provides:

"Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way, at such intersection, to any vehicle approaching from his right."

This provision clearly means that when two vehicles under existing conditions are likely to reach the intersection at

approximately the same moment, the right of way shall be yielded "at such intersection" to the one approaching from the right. It does not apply to a situation where one vehicle crosses an intersection and is already past it, before another arrives at the intersection. Furthermore, we have repeatedly held that a violation of such regulations is not, *per se,* negligece, but is merely a factor to be considered where applicable to the situation. Our reading of the evidence fails to disclose, even from the account of this defendant's own driver, any reasonable basis for the contention that the circumstances in this case called for the application of the rule of right of way, or that the violation of such rule was a proximate cause of the accident.

All the other witnesses who specified the distance, stated that the actual collision occurred at least one hundred feet beyond the intersection. This driver himself admits it occurred at least fifteen feet beyond. He also admits he saw the bus shoot out from Franklin street into the Lincoln Highway at about the same speed he himself was going, while he was still fifty feet away from the crossing; that he applied his breaks while thirty-five feet away, turned his wheels to the left, and went into the ditch and his trailer swung around and hit the bus; that he knew that buses were accustomed to come out from Franklin street, and that one had to be careful; that in dry weather he could stop his truck within twenty to twenty-five feet when going thirty miles an hour, but could not tell what the distance would be on a slippery pavement, such as then existed. There is evidence that the bus continued along the highway after making the turn. So, if the truck driver, while going about the same speed as the bus, as he says, did apply his brakes when he says he did, and the bus shot around the turn while he was fifty feet back from the intersection, and the bus continued on, the truck would always be fifty feet in the rear of the bus, until the brakes were applied, when that distance would increase. These admissions are significant, and do not tend to show a situation entitling the truck to any right of way. Further, the request is too broad in assuming that

one vehicle is bound to yield the right of way to another approaching from the right, regardless of other circumstances. We, therefore, see no error in refusing these requests.

The only other point is the refusal of the trial court to charge the jury that they were limited in their award of damages for loss of wages to the facts as set forth in the bill of particulars. This bill was dated February 5th, 1927, and specified loss of wages up to that time, but testimony was received of further loss of wages, between that time and the day of trial. The defendant relies upon certain decisions, indicating one of the purposes of such a bill of particulars to be for the purpose of limiting the proofs on the trial. This may well be true, as to a statement of past facts or events, but of necessity the rule does not apply to matters of continuing damage or future facts and events. In fact, Supreme Court rule 112 expressly provides for calculation of damages down to the date of the trial. Attention may also be called to the fact that such evidence was received at the trial without objection, and that the request itself was not made until after the jury had retired, and came too late.

Finding no error in the record, the judgment is affirmed, with costs.

*For reversal*—None.